# 95 DTS 45

## TRIBUNAL DE CIRCUITO DE APELACIONES DE PUERTO RICO
## CIRCUITO REGIONAL IV DE MAYAGUEZ Y AGUADILLA

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ENRIQUE RODRIGUEZ GONZALEZ
Peticionario

Núm. KLCE-95-00098

San Juan, Puerto Rico, a 7 de abril de 1995

Panel integrado por su Presidente, Juez Brau Ramírez, y los Jueces Rodríguez Maldonado y Colón Birriel

Colón Birriel, Juez Ponente

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## TEXTO COMPLETO DE LA SENTENCIA

El 10 de febrero de 1995 el peticionario, señor Enrique Rodríguez González, presentó ante el Tribunal de Circuito de Apelaciones un escrito de apelación, (KLAN-95-00074), solicitando que se revocara la sentencia dictada el 3 de febrero de 1995 por la Subsección de Distrito, Sala de Isabela.

Mediante esa sentencia, se condenó al peticionario al pago de una multa de $100.00 por haber infringido la Sección 5-801 de la Ley Núm. 141 de 20 de julio de 1960, según enmendada, conocida como la Ley de Vehículos y Tránsito, 9 L.P.R A. Sec. 1041. Como parte de la sentencia se refirió al peticionario, al Programa de Rehabilitación que provee la Administración de Servicios de Salud Mental y Contra la Adicción, suspendiéndosele la licencia de conducir por la duración del curso.

Por razón de surgir del escrito de apelación que el peticionario formuló alegación de culpabilidad, el único recurso procedente en Ley era el de *Certiorari*, a ser librado discrecionalmente por el Tribunal y solamente a los fines de examinar las defensas dirigidas a atacar la suficiencia de la acusación y la jurisdicción del tribunal. *Pueblo v. Pueblo International,* 106 D.P R. 202, 208 (1977). Por tal razón este Tribunal mediante resolución y orden de fecha 28 de febrero de 1995, declaró sin lugar el recurso de apelación, y le ordenó al peticionario presentar un recurso de *Certiorari* que cumpliera estrictamente con los requisitos establecidos en la Regla 19 del Reglamento de este Tribunal Se le concedió hasta el 6 de marzo de 1995 para presentar el recurso corregido. Así las cosas mediante sentencia emitida el 16 de marzo de 1995, este Tribunal desestimó el recurso por razón de que el peticionario no había cumplido con lo ordenado, es decir presentar el recurso corregido. Concluyó el Tribunal que el peticionario no había perfeccionado su recurso de acuerdo con la Ley.

No obstante lo resuelto por el Tribunal, surge que la representación legal del peticionario radicó el 6 de marzo de 1995 en la Secretaría del Centro Judicial de Aguadilla, la petición de *Certiorari* que le había sido ordenada. Esta petición fue remitida a la Secretaría de este Tribunal el 7 de marzo de 1995.

Examinada la petición, encontramos que no cumple con lo dispuesto en la Regla 19 del Reglamento, *supra*. No se incluyó en el recurso, las citas de las disposiciones legales que establecen la jurisdicción y la competencia de este Tribunal, conforme al apartado (B), inciso (1) de la citada Regla 19. Tampoco se incluyó con la petición, un apéndice según lo requiere el apartado (E) de dicho Reglamento, *supra*. Por lo tanto el peticionario no ha perfeccionado su recurso de acuerdo a la Ley; por lo que este Tribunal no está en condiciones de entrar en los méritos del recurso.

La Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones regula el desistimiento y la desestimación de los recursos. En específico el inciso (2) del apartado (B) de esa Regla versa sobre la desestimación de los recursos que no hayan sido perfeccionados de acuerdo con la Ley. En virtud de lo dispuesto en el apartado (C) de la Regla citada, y lo antes expuesto se desestima el presente recurso.

Se le apercibe al abogado de la parte peticionaria que de no obrar con mayor diligencia en un futuro en el trámite de sus recursos, podrá conllevar la imposición de sanciones.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 45**

**1.** Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 13 de enero de 1995.